UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

        - v. -

JOSHUA MEREGILDO,
     a/k/a "Killa,"
MELVIN COLON,
     a/k/a "Melly,"
EARL PIERCE,
     a/k/a "Skeet Box,"
NOLBERT MIRANDA,
     a/k/a "PayDay,"
LEBITHAN GUZMAN,
     a/k/a "Levi,"
AUBREY PEMBERTON,
     a/k/a "Au,"
FELIPE BLANDING,
     a/k/a "Hump,"
JAVON JONES,
     a/k/a "Capo,"
DANTE BARBER,
     a/k/a "Tay,"
NATHANIEL FLUDD,
     a/k/a "Juntao," and
ORFELINA BRITO,
     a/k/a "Becky,"

        Defendants.

- - - - - - - - - - - - - - - - - -x

SEALED
SUPERSEDING
<u>INDICTMENT</u>

S3 11 Cr. 576 (WHP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/9/12

<u>INTRODUCTION</u>

      1.    At all times relevant to this Indictment, the defendants, JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," EARL PIERCE, a/k/a "Skeet Box," NOLBERT MIRANDA, a/k/a "PayDay," LEBITHAN GUZMAN, a/k/a "Levi," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," and others known and unknown, were members and associates of the Courtlandt Avenue Crew ("CAC"), a criminal organization whose

members and associates engaged in, among other things, narcotics trafficking, attempted murder, and murder.  The CAC operated principally in the Bronx, New York.

THE RACKETEERING VIOLATIONS

COUNT ONE

The Grand Jury charges:

THE ENTERPRISE

2.    The Courtlandt Avenue Crew, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  At all times relevant to this Indictment, the enterprise has engaged in, and its activities affected, interstate and foreign commerce.  JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," and EARL PIERCE, a/k/a "Skeet Box," the defendants, participated in the operation and management of the enterprise, and participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

<u>PURPOSES OF THE ENTERPRISE</u>

3.   The purposes of the enterprise included the following:

a.   Enriching the members and associates of the enterprise through, among other things, the distribution of narcotics, including "crack" cocaine and marijuana.

b.   Preserving and protecting the power of the enterprise and its members and associates through murder, attempted murder, other acts of violence, and threats of violence.

c.   Promoting and enhancing the enterprise and the activities of its members and associates.

<u>MEANS AND METHODS OF THE ENTERPRISE</u>

4.   Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the enterprise were the following:

a.   Members and associates of the enterprise committed, conspired to commit, and attempted to commit, acts of violence, including murder, to protect and expand the enterprise's criminal operations, including the retail distribution of crack cocaine.

b.   Members and associates of the enterprise used physical violence and threats of violence, including murder and attempted murder, against various people involved in the illegal

3

narcotics business, including in particular rival narcotics traffickers, rival gang members, and individuals who were suspected of cooperating with law enforcement against members and associates of the enterprise.

        c.    Members and associates of the enterprise used physical violence against various people, including murders and attempted murders.

        d.    Members and associates of the enterprise sold narcotics, including "crack" cocaine and marijuana.

        e.    Many young men who were members of the CAC, including MEREGILDO and COLON, were also members of a gang called "God's Favorite Children."

THE RACKETEERING VIOLATION

        5.    From at least in or about Spring 2010, up to and including in or about September 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," and EARL PIERCE, a/k/a "Skeet Box," the defendants, and others known and unknown, being persons employed by and associated with the enterprise described above, to wit, the Courtlandt Avenue Crew, which was engaged in, and the activities of which affected, interstate and foreign commerce, knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, that is, through the commission of the

4

following acts of racketeering:

<u>THE PATTERN OF RACKETEERING ACTIVITY</u>

6.     The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

<u>Racketeering Act One: Conspiracy to Murder and
Murder of Carrel Ogarro</u>

7.     JOSHUA MEREGILDO, a/k/a "Killa," the defendant, committed the following acts, either one of which alone constitutes the commission of Racketeering Act One:

a.     <u>Conspiracy to Murder Carrel Ogarro</u>

In or about July 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," the defendant, together with others known and unknown, knowingly conspired to murder Carrel Ogarro, in violation of New York Penal Law, Sections 105.15 and 125.25, in that, with the intent to cause the death of Carrel Ogarro, JOSHUA MEREGILDO, a/k/a "Killa," the defendant, agreed together and with others known and unknown to engage in or cause the performance of such murder.

<u>Overt Act</u>

(i)   On or about July 31, 2010, JOSHUA MEREGILDO, a/k/a "Killa," the defendant, shot and killed Carrel Ogarro, in the vicinity of 300 East 158th Street, Bronx, New York.

b.   <u>Murder of Carrel Ogarro</u>

On or about July 31, 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," the defendant, and others known and unknown, intentionally and knowingly murdered and aided and abetted the murder of Carrel Ogarro, in the vicinity of 300 East 158th Street, Bronx, New York, in violation of New York Penal Law, Sections 20.00 and 125.25, in that, with the intent to cause the death of Ogarro, MEREGILDO caused the death of Ogarro.

<u>Racketeering Act Two: Conspiracy to Murder and<br>Murder of Delquan Alston</u>

8.   MELVIN COLON, a/k/a "Melly," the defendant, committed the following acts, either of which alone constitutes the commission of Racketeering Act Two:

a.   <u>Conspiracy to Murder Delquan Alston</u>

In or about August 2010, in the Southern District of New York, MELVIN COLON, a/k/a "Melly," the defendant, together with others known and unknown, knowingly conspired to murder Delquan Alston, in violation of New York Penal Law, Sections 105.15 and 125.25, in that, with the intent to cause the death of Delquan Alston, MELVIN COLON, a/k/a "Melly," the defendant, agreed together and with others known and unknown to engage in or cause the performance of such murder.

<u>Overt Act</u>

(i)   On or about August 27, 2010, MELVIN

6

COLON, a/k/a "Melly," the defendant, shot and killed Delquan Alston, in the vicinity of 285 East 156th Street, Bronx, New York.

        b.     <u>Murder of Delquan Alston</u>

On or about August 27, 2010, in the Southern District of New York, MELVIN COLON, a/k/a "Melly," the defendant, and others known and unknown, intentionally and knowingly murdered and aided and abetted the murder of Delquan Alston, in the vicinity of 285 East 156th Street, Bronx, New York, in violation of New York Penal Law, Sections 20.00 and 125.25, in that, with the intent to cause the death of Alston, COLON caused the death of Alston.

<u>Racketeering Act Three: Conspiracy to Murder and Attempted Murder of Rival Narcotics Distributors</u>

9.    JOSHUA MEREGILDO, a/k/a "Killa," and EARL PIERCE, a/k/a "Skeet Box," the defendants, committed the following acts, either of which alone constitutes the commission of Racketeering Act Three:

        a.     <u>Conspiracy to Murder Members of Narcotics Trafficking Gang Operating at 321 East 153rd Street</u>

In or about 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," and EARL PIERCE, a/k/a "Skeet Box," the defendants, together with others known and unknown, knowingly conspired to murder members of a rival narcotics trafficking gang operating at 321 East 153rd Street

(the "321 Organization"), in the Bronx, New York, in violation of New York State Penal Law, Sections 105.15 and 125.25.

<u>Overt Act</u>

(i) On or about September 13, 2010, JOSHUA MEREGILDO, a/k/a "Killa," and EARL PIERCE, a/k/a "Skeet Box," the defendants, in the vicinity of 321 East 153rd Street, Bronx, New York, agreed together and with others to murder a rival narcotics trafficker associated with the 321 Organization ("V-1").

b.   <u>Attempted Murder of V-1</u>

On or about September 13, 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," and EARL PIERCE, a/k/a "Skeet Box," the defendants, and others known and unknown, intentionally and knowingly attempted to murder and aided and abetted the attempted murder of V-1 in the vicinity of 321 East 153rd Street, Bronx, New York, in violation of New York Penal Law, Sections 20.00, 110.00, and 125.25, in that, with the intent to cause the death of V-1, MEREGILDO and PIERCE, and others known and unknown, engaged in conduct that tended to effect the commission of such murder.

<u>Racketeering Act Four: Narcotics Conspiracy</u>

10.   From at least in or about Spring 2010, up to and including in or about September 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," and EARL PIERCE, a/k/a "Skeet Box," the defendants, and

others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

11.   It was a part and an object of this conspiracy that JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," and EARL PIERCE, a/k/a "Skeet Box," the defendants, and others known and unknown, would and did distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

12.   The controlled substances involved in the offense were: (1) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A); and (2) a quantity of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 18, United States Code, Sections 1961 and 1962(c).)

<u>COUNT TWO</u>

<u>THE RACKETEERING CONSPIRACY</u>

The Grand Jury further charges:

13.   Paragraphs 1 through 4 of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

14.   From at least in or about Spring 2010, up to and

9

including in or about September 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," EARL PIERCE, a/k/a "Skeet Box," NOLBERT MIRANDA, a/k/a "PayDay," LEBITHAN GUZMAN, a/k/a "Levi," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," and JAVON JONES, a/k/a "Capo," the defendants, and others known and unknown, being persons employed by and associated with the enterprise described in Paragraphs 1 through 4 of Count One of this Indictment, to wit, the Courtlandt Avenue Crew, knowingly combined, conspired, confederated, and agreed together and with others to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of multiple acts involving murder, chargeable under the following provisions of state law:

New York Penal Law, Sections 20.00 and 125.25 (murder);

New York Penal Law, Sections 20.00, 110.00, and 125.25 (attempted murder);

New York Penal Law, Sections 105.15 and 125.25 (conspiracy to murder); and

multiple acts involving the distribution of controlled

substances, including 280 grams and more of crack cocaine and a quantity of marijuana, in violation of the laws of the United States, Title 21, United States Code, 812, 841(a)(1), 841(b)(1)(A), (b)(1)(D), and 846, and Title 18, United States Code, Section 2.

15. It was a part of the conspiracy that JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," EARL PIERCE, a/k/a "Skeet Box," NOLBERT MIRANDA, a/k/a "PayDay," LEBITHAN GUZMAN, a/k/a "Levi," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," and JAVON JONES, a/k/a "Capo," the defendants, agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Section 1962(d).)

<u>COUNT THREE</u>

<u>CONSPIRACY TO MURDER IN AID OF RACKETEERING ACTIVITY</u>

The Grand Jury further charges:

16. At all times relevant to this Indictment, the Courtlandt Avenue Crew, as described in paragraphs 1 through 4 of Count One of this Indictment, which are realleged and incorporated by reference as though fully set forth herein, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which

affected, interstate and foreign commerce.

17.   At all times relevant to this Indictment, the Courtlandt Avenue Crew, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law, and narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

18.   In or about July 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Courtlandt Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the CAC, an enterprise engaged in racketeering activity, as described above, knowingly conspired to murder Carrel Ogarro, in violation of New York Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)

## COUNT FOUR

## MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

19.   Paragraphs 16 and 17 of Count Three of this Indictment are realleged and incorporated by reference as though

fully set forth herein.

20.   On or about July 31, 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Courtlandt Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the CAC, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly murdered and aided and abetted the murder of Carrel Ogarro, in the vicinity of 300 East 158th Street, Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT FIVE

### CONSPIRACY TO MURDER IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

21.   Paragraphs 16 and 17 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

22.   In or about August 2010, in the Southern District of New York, MELVIN COLON, a/k/a "Melly," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing

of pecuniary value from the Courtlandt Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the CAC, an enterprise engaged in racketeering activity, as described above, knowingly conspired to murder Delquan Alston, in violation of New York Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)

<u>COUNT SIX</u>

<u>MURDER IN AID OF RACKETEERING ACTIVITY</u>

The Grand Jury further charges:

23.   Paragraphs 16 and 17 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

24.   On or about August 27, 2010, in the Southern District of New York, MELVIN COLON, a/k/a "Melly," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Courtlandt Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the CAC, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly murdered and aided and abetted the murder of Delquan Alston, in the vicinity of 285 East 156th Street, Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

<u>COUNT SEVEN</u>

<u>CONSPIRACY TO MURDER IN AID OF RACKETEERING ACTIVITY</u>

The Grand Jury further charges:

25.   Paragraphs 16 and 17 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

26.   From at least in or about July 2010 up to and including in or about September 2010, in the Southern District of New York, EARL PIERCE, a/k/a "Skeet Box," and JOSHUA MEREGILDO, a/k/a "Killa," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Courtlandt Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the CAC, an enterprise engaged in racketeering activity, as described above, knowingly conspired to murder members of the 321 Organization, in violation of New York Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)

<u>COUNT EIGHT</u>

<u>ASSAULT AND ATTEMPTED MURDER IN AID OF RACKETEERING ACTIVITY</u>

The Grand Jury further charges:

27.   Paragraphs 16 and 17 of Count Three of this Indictment are realleged and incorporated by reference as though

15

fully set forth herein.

28.  On or about September 13, 2010, in the Southern District of New York, EARL PIERCE, a/k/a "Skeet Box," and JOSHUA MEREGILDO, a/k/a "Killa," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Courtlandt Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the CAC, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly assaulted an individual with a dangerous weapon; attempted to murder an individual; and aided and abetted the same, to wit, PIERCE and MEREGILDO, committed, and aided and abetted, the shooting and attempted murder of V-1, a member of the 321 Organization, resulting in bodily injury to V-1, in the vicinity of 321 East 153rd Street, Bronx, New York, in violation of New York Penal Law, Sections 20.00, 120.05, 125.25, and 110.00.

(Title 18, United States Code, Sections
1959(a)(3), 1959(a)(5), and 2.)

## NARCOTICS CONSPIRACY

## COUNT NINE

The Grand Jury further charges:

39.  From at least in or about Spring 2010, up to and including in or about September 2011, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a

"Melly," EARL PIERCE, a/k/a "Skeet Box," NOLBERT MIRANDA, a/k/a

"PayDay," LEBITHAN GUZMAN, a/k/a "Levi," AUBREY PEMBERTON, a/k/a

"Au," FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo,"

DANTE BARBER, a/k/a "Tay," NATHANIEL FLUDD, a/k/a "Juntao," and

ORFELINA BRITO, a/k/a "Becky," the defendants, and others known

and unknown, intentionally and knowingly did combine, conspire,

confederate, and agree together and with each other to violate

the narcotics laws of the United States.

30.   It was a part and an object of the conspiracy that

JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly,"

EARL PIERCE, a/k/a "Skeet Box," NOLBERT MIRANDA, a/k/a "PayDay,"

LEBITHAN GUZMAN, a/k/a "Levi," AUBREY PEMBERTON, a/k/a "Au,"

FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," DANTE

BARBER, a/k/a "Tay," NATHANIEL FLUDD, a/k/a "Juntao," and

ORFELINA BRITO, a/k/a "Becky," the defendants, and others known

and unknown, would and did distribute and possess with intent to

distribute controlled substances, in violation of Title 21,

United States Code, Section 841(a)(1).

31.   The controlled substances involved in the offense

were: (1) 280 grams and more of mixtures and substances

containing a detectable amount of cocaine base, in a form

commonly known as "crack," in violation of Title 21, United

States Code, Section 841(b)(1)(A); and (2) a quantity of

17

marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

### COUNT TEN

### MURDER IN CONNECTION WITH A DRUG CRIME

The Grand Jury further charges:

32.   On or about July 31, 2010, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, the narcotics conspiracy charged in Count Nine of this Indictment, JOSHUA MEREGILDO, a/k/a "Killa," the defendant, and others known and unknown, intentionally and knowingly killed and counseled, commanded, induced, procured, and caused the intentional killing of Carrel Ogarro, and such killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A), Title 18, United States Code, Section 2.)

### COUNT ELEVEN

### MURDER IN CONNECTION WITH A DRUG CRIME

The Grand Jury further charges:

33.   On or about August 27, 2010, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, the narcotics conspiracy charged in Count Nine of this Indictment, MELVIN COLON, a/k/a "Melly," the defendant, and others known and unknown, intentionally and knowingly killed and

counseled, commanded, induced, procured, and caused the intentional killing of Delquan Alston, and such killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A), Title 18, United States Code, Section 2.)

### FIREARMS CHARGES

### COUNT TWELVE

The Grand Jury further charges:

34.  On or about July 31, 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," the defendant, willfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the murder in aid of racketeering charged in Count Four of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, MEREGILDO caused the death of Carrel Ogarro, by discharging a firearm at Ogarro, and aiding and abetting the same, in the vicinity of 300 East 158th Street, Bronx, New York.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

### COUNT THIRTEEN

The Grand Jury further charges:

35.  On or about August 27, 2010, in the Southern

District of New York, MELVIN COLON, a/k/a "Melly," the defendant, willfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the murder in aid of racketeering charged in Count Six of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, COLON caused the death of Delquan Alston, by discharging a firearm at Alston, and aiding and abetting the same, in the vicinity of 285 East 156th Street, Bronx, New York.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

<u>COUNT FOURTEEN</u>

The Grand Jury further charges:

36.  On or about September 13, 2010, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," and EARL PIERCE, a/k/a "Skeet Box," the defendants, and others known and unknown, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the assault and attempted murder in aid of racketeering charged in Count Eight of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess

20

firearms, and did aid and abet the use, carrying, and possession of firearms, including two handguns that were discharged at V-1 on or about September 13, 2010.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

<u>COUNT FIFTEEN</u>

The United States Attorney further charges:

37.   From in or about at least Spring 2010, up to and including at least in or about September 2011, in the Southern District of New York, JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," EARL PIERCE, a/k/a "Skeet Box," NOLBERT MIRANDA, a/k/a "PayDay," LEBITHAN GUZMAN, a/k/a "Levi," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," DANTE BARBER, a/k/a "Tay," and NATHANIEL FLUDD, a/k/a "Juntao," the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the offense charged in Count Nine of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, including a .22 caliber firearm, a .40 caliber firearm, a .380 caliber firearm, a 9 millimeter firearm, and a .45 caliber firearm, among other firearms.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(C)(i), and 2.)

SPECIAL FINDINGS AS TO JOSHUA MEREGILDO

    38.   Counts Four, Ten, and Twelve of the Indictment are realleged and incorporated by reference as though fully set forth herein. As to Count Four of the Indictment, alleging the murder of Carrel Ogarro in aid of racketeering, Count Ten of the Indictment, alleging murder in furtherance of a drug crime, and Count Twelve of the Indictment, alleging the use of a firearm to murder of Carrel Ogarro in connection with a crime of violence, the defendant JOSHUA MEREGILDO, a/k/a "Killa":

    a.   was 18 years of age or older at the time of the offense;

    b.   intentionally killed Carrel Ogarro (Title 18, United States Code, Section 3591(a)(2)(A));

    c.   intentionally inflicted serious bodily injury that resulted in the death of Carrel Ogarro (Title 18, United States Code, Section 3591(a)(2)(B));

    d.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Carrel Ogarro died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

    e.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of

22

death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Carrel Ogarro died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

   f. committed the murder of Carrel Ogarro as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)); and

   g. committed the murder of Carrel Ogarro after substantial planning and premeditation.

<u>SPECIAL FINDINGS AS TO MELVIN COLON</u>

   39. Counts Six, Eleven, and Thirteen of the Indictment are realleged and incorporated by reference as though fully set forth herein. As to Count Six of the Indictment, alleging the murder of Delquan Alston in aid of racketeering, Count Eleven of the Indictment, alleging murder in furtherance of a drug crime, and Count Thirteen of the Indictment, alleging the use of a firearm to murder of Delquan Alston in connection with a crime of violence, the defendant MELVIN COLON, a/k/a "Melly":

   a. was 18 years of age or older at the time of the offense;

   b. intentionally killed Delquan Alston (Title 18, United States Code, Section 3591(a)(2)(A));

23

c.    intentionally inflicted serious bodily injury that resulted in the death of Delquan Alston (Title 18, United States Code, Section 3591(a)(2)(B));

d.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Delquan Alston died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Delquan Alston died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

f.    committed the murder of Delquan Alston after substantial planning and premeditation.

FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

40.    The allegations contained in Counts One and Two of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963 and Title 28, United

24

States Code, Section 2461(c).  Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of the defendants' convictions under Counts One and Two of this Indictment.

    41.  EARL PIERCE, a/k/a "Skeet Box," JOSHUA MEREGILDO, a/k/a "Killa," and MELVIN COLON, a/k/a "Melly," the defendants:

    a.  have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

    b.  have property constituting and derived from proceeds obtained, directly, and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

    42.  The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963 (a) (1), and (3), include but are not limited to:

    a.  a sum that represents the gross proceeds received by the defendants pursuant to their racketeering

activities as alleged in Counts One and Two during the relevant time period alleged in the Indictment and all interests and proceeds traceable thereto.

43. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

44. The above-named defendants are jointly and severally liable for the forfeiture obligations as alleged above.

(Title 18, United States Code, Section 1963.)

### FORFEITURE ALLEGATION AS TO COUNT NINE

45. As a result of committing the controlled substance

26

offense alleged in Count Nine of this Indictment, JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly," EARL PIERCE, a/k/a "Skeet Box," NOLBERT MIRANDA, a/k/a "PayDay," LEBITHAN GUZMAN, a/k/a "Levi," AUBREY PEMBERTON, a/k/a "Au," FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," DANTE BARBER, a/k/a "Tay," NATHANIEL FLUDD, a/k/a "Juntao," and ORFELINA BRITO, a/k/a "Becky," the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count Nine of this Indictment, including but not limited to, the following:

a.   A sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offense alleged in Count Nine of the Indictment.

<u>Substitute Asset Provision</u>

46.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants –

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited

27

with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)


_____
FOREPERSON


_____
PREET BHARARA
United States Attorney

28

Form No. USA-33s-274 (Ed. 9-25-58)

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JOSHUA MEREGILDO, a/k/a "Killa," MELVIN COLON, a/k/a "Melly,"
EARL PIERCE, a/k/a "Skeet Box," NOLBERT MIRANDA, a/k/a "PayDay,"
LEBITHAN GUZMAN, a/k/a "Levi," AUBREY PEMBERTON, a/k/a "Au,"
FELIPE BLANDING, a/k/a "Hump," JAVON JONES, a/k/a "Capo," DANTE
BARBER, a/k/a "Tay," NATHANIEL FLUDD, a/k/a "Juntao," and
ORFELINA BRITO, a/k/a "Becky,"

Defendants.

### SUPERSEDING
### INDICTMENT

S3 11 Cr. 576 (WHP)

(18 U.S.C. §§ 1962(c), 1962(d), 1959(a)(5), 1959(a)(1),
1959(a)(3), 924(j), 924(c), and 2, 21 U.S.C. §§ 846, 848(e)).)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

*Foreperson.*

*Linda Grifay*

1/9/2012 - Superseding Indictment Filed.

J. Fox
U.S.M.J.